UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH HENRY and MICHAEL MALINKY,

                Plaintiffs,
- vs -                              1:01-CV-1681

CHAMPLAIN ENTERPRISES, INC., d/b/a
CommutAir; ANTHONY VON ELBE; JOHN
ARTHUR SULLIVAN, JR.; ERNEST JAMES
DROLLETTE; ANDREW PRICE; WILLIAM L.
OWENS; CHAMPLAIN AIR, INC.; and U.S.
TRUST COMPANY OF CALIFORNIA, N.A.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| KELLER ROHRBACK, P.L.C.<br>Attorneys for Plaintiffs<br>3101 North Central Avenue, Suite 1400<br>Phoenix, Arizona 85012 | GARY D. GREENWALD, ESQ. |
| DEVINE, MARKOVITS & SNYDER, LLP<br>Attorneys for Plaintiffs<br>52 Corporate Circle Suite 207<br>Albany, New York 12203 | TERENCE J. DEVINE, ESQ. |
| SHAYNE NICHOLS, LLC<br>Attorneys for Plaintiffs<br>Two Miranova Place, Suite 220<br>Columbus, Ohio 43215 | STANLEY H. SHAYNE, ESQ. |
| BOND, SCHOENECK & KING, PLLC<br>Attorneys for Champlain Enterprises, Inc.;<br>   Champlain Air, Inc.; and all individual<br>   Defendants.<br>One Lincoln Center<br>Syracuse, New York 13202 | EDWARD R. CONAN, ESQ. |
| GROOM LAW GROUP CHARTERED<br>Attorneys for Defendant U.S. Trust<br>   Company of California, N.A. | EDWARD A. SCALLET, ESQ.<br>DIPAL SHAH, ESQ.<br>LARS C. GOLUMBIC, ESQ. |

1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006

O'MELVENY & MYERS LLP  
Attorneys for Defendant U.S. Trust
   Company of California, N.A.  
1625 Eye Street, N.W.  
Washington, D.C. 20006

ROBERT N. ECCLES, ESQ.  
JONATHAN D. HACKER, ESQ.

DAVID N. HURD  
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      On July 10, 2009, the United States Court of Appeals for the Second Circuit issued a mandate vacating a Memorandum-Decision and Order filed on January 5, 2007.  Henry v. U.S. Trust Co. of Calif., N.A., 569 F.3d 96 (2009) ("*Henry V*"), vacating & remanding Henry v. Champlain Enters., Inc., 468 F. Supp. 2d 368 (N.D.N.Y. 2007) ("*Henry IV*").  The Second Circuit remanded the matter for further proceedings consistent with its decision of June 19, 2009, and the opinion in Henry v. Champlain Enters., Inc., 445 F.3d 610 (2d Cir. 2006) ("*Henry III*").  Id. at 100.  Familiarity with the prior decisions is assumed.  See id.; *Henry IV; Henry III*; Henry v. Champlain Enters., Inc., 342 F. Supp. 2d 122, 122 (N.D.N.Y. 2004); Henry v. Champlain Enters., Inc., 334 F. Supp. 2d 252 (N.D.N.Y. 2004) ("*Henry II*"); Henry v. Champlain Enters., Inc., 288 F. Supp. 2d 202 (N.D.N.Y. 2003).

      According to the Second Circuit, it is necessary to determine if an award of damages in favor of plaintiffs Joseph Henry and Michael Malinky ("plaintiffs") as against defendant U.S. Trust Company of California, N.A. ("U.S. Trust" or "defendant") is appropriate.  *Henry V* at 100.  If so, then it will also be necessary to determine the value of the total number of shares of convertible preferred stock acquired in 1994 and 2004 by the

Employee Stock Ownership Plan ("ESOP") of Champlain Enterprises, Inc., d/b/a CommutAir ("CommutAir"). Id. Further, "if damages are awarded against U.S. Trust, then the interest overpayment argument may perhaps be relevant" with regard to calculation of damages. Id.

## II. FINDINGS OF FACT

The Findings of Fact set forth in the Memorandum-Decision and Order of September 3, 2004, remain valid and therefore are incorporated in this decision. *Henry II*, 334 F. Supp. 2d at 256-68.

## III. CONCLUSIONS OF LAW

### A. Section 406 Prohibited Transactions

There is no basis upon which to change the prior conclusion that the stock sale to the ESOP was a prohibited transaction under 29 U.S.C. § 1106(a)(1)(A), (E). Accordingly, that conclusion stands. Id. at 268-69.

### B. Section 408(e) Exception

The issue for determination is if U.S. Trust "acted with the prudence required of a fiduciary under the prevailing circumstances at the time of the transaction." *Henry III*, 445 F.3d at 620. In order to be found a prudent fiduciary, "U.S. Trust must show that the CommutAir ESOP paid no more than 'the fair market value of the asset as determined in good faith by the trustee or named fiduciary. . . .'" Id. at 621 (quoting 29 U.S.C. § 1002(18)(B)) (emphasis added). A fiduciary makes "a proper determination of the 'fair market value' of the asset" when it is "'well-informed about the asset and the market for that asset.'" Id. (quoting Proposed Regulation Relating to the Definition of Adequate

Consideration, 53 Fed. Reg. 17632, at 17,634 (May 17, 1988) (to be codified at 29 C.F.R. § 2510-3(18)(b))).

U.S. Trust had significant experience in handling ESOP transactions. Norman Goldberg ("Goldberg"), senior fiduciary officer and a financial analyst for U.S. Trust, insisted to the sellers that an appraisal would be needed, which would require a significant investigation of CommutAir. U.S. Trust provided a list of companies specializing in financial appraisals for ESOP transactions. The list included Houlihan, Lokey, Howard & Zukin ("HLHZ"), which was eventually retained by U.S. Trust as an outside financial advisor.

CommutAir submitted management projections forecasting future financial performance of the company through 1995 to HLHZ. HLHZ required a revised forecast through 1998. The general terms of the proposed transaction were outlined at a meeting attended by Goldberg in January 1994. If HLHZ was to be retained with regard to the ESOP transaction, its goal would be to design the security so that the proposed purchase price of $60 million was fair. U.S. Trust's special fiduciary committee approved its engagement as trustee for the proposed transaction on January 20, 1994, after reviewing the initial offer from the sellers.

HLHZ and the counsel retained by U.S. Trust for purposes of the ESOP transaction sent requests for due diligence to CommutAir, to which the company responded. U.S. Trust's financial analyst also received some background information about the company in preparation for a due diligence meeting. The due diligence meeting was held February 2, 1994, over a period of several hours. Rigorous questioning about all aspects of CommutAir took place. After this meeting, HLHZ provided a preliminary valuation to U.S. Trust's Goldberg. HLHZ concluded that CommutAir had a total equity value of $180 million. HLHZ

arrived at this total equity value by averaging the values determined using two valuation methodologies, the discounted cash flow method and the market capitalization (comparable companies) method.

Thus, U.S. Trust acted prudently in obtaining background information about the commuter airline industry, reviewing CommutAir's forecasts, and questioning HLHZ's valuation methodology.  In other words, it was "well-informed about the asset and the market for that asset."  *Henry III,* 445 F.3d at 621 (internal quotation omitted).  Accordingly, its determination that the fair market value of the convertible preferred stock representing thirty percent of CommutAir total equity value, plus enhancements, was proper.  U.S. Trust used good faith in determining the fair market value of the shares acquired by the ESOP.

Moreover, demonstrating that the ESOP paid less than the later-determined actual fair market value for the stock, as of the date of the transaction, would also support the finding that its determination of the fair market value was prudent and in good faith. It was previously determined that the total equity value of CommutAir on March 15, 1994 was $145 million.  *Henry II,* 334 F. Supp. 2d at 274.  Thirty percent of the equity value of $145 million equates to $43.5 million.  Thus, if the value of 540,000 shares of convertible preferred stock as of March 15, 1994, was $52.5 million, the enhancements were worth $9 million.  It follows then, that 191,000 shares of stock as of March 15, 1994, were worth $15.386 million plus enhancements of $3.23 million, for a total value of $18.616 million.  As of March 15, 1994, the value of the total amount of shares (540,000 plus 191,000) was $71.116 million ($52.5 million plus $18.616 million).  These calculations demonstrate that the ESOP paid less ($60 million) than the fair market value ($71.116 million) of the shares it acquired.

U.S. Trust is entitled to the Section 408(e) exception.  Therefore, plaintiffs are not entitled to damages stemming from a prohibited transaction.

## IV. CONCLUSION

The sale of CommutAir convertible preferred stock to the ESOP was a prohibited transaction under 29 U.S.C. § 1106(a)(1)(A), (E).  However, the fiduciary, U.S. Trust, established that it in good faith determined the fair market value of the stock, and the ESOP paid no more than that.  Thus, U.S. Trust is not liable in damages to plaintiffs.

Accordingly, it is

ORDERED that

1.  Plaintiffs Joseph Henry and Michael Malinky, on behalf of the CommutAir Employee Stock Ownership Plan, are not entitled to damages from defendant U.S. Trust; and

2.  The complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

_____
United States District Judge

Dated:  May 21, 2010
         Utica, New York.